**Entered on Docket
June 09, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA**

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES B. DOYLE,                                                  No. 05-13524

                       Debtor(s).
_____/

JEFFRY LOCKE, Trustee,

                       Plaintiff(s),

       v.                                                                    A.P. No. 06-1024

ROSEMARY REHM,

                       Defendant(s).
_____/

Memorandum on Motion for Summary Judgment
_____

       Though inartfully pleaded, the court finds paragraphs 5, 6 and 7 of the answer sufficient to raise the new value defense in § 547(c)(4) of the Bankruptcy Code. The only issue in this case is therefore whether the date of payment of the new value is deemed to be when defendant's check was delivered or when it cleared.

       In *Barnhill v. Johnson*, 503 U.S. 393, 395 (1992), the Supreme Court held that when determining the date a preference is made the date of its honoring is the correct date. However, the Court

1

specifically did not address the proper date applicable to a § 547(c) defense. 503 U.S. at 402n9. This court is accordingly bound by Ninth Circuit law on the issue.

The rule in this circuit is that for § 547(c) purposes a payment is made upon delivery of a check so long as the check is presented and paid within a reasonable time. *In re Lee,* 108 F.3d 239, 241, (9th Cir. 1997); *In re Wolf & Vine*, 825 F.2d 197, 200-01 (9th Cir.1987); *In re Wadsworth Building Components, Inc.*, 711 F.2d 122, 123 (9th Cir.1983). Since it appears that defendant's check was delivered before bankruptcy, plaintiff's motion for summary judgment must be denied.

Either party may submit an appropriate form of order.

Dated: June 9, 2006

Alan Jaroslovsky
U.S. Bankruptcy Judge